Andrew J. Jaramillo (198303)
andrew.jaramillo@altuslawfirm.com
ALTUS LAW FIRM
1 Park Plaza, Suite 600
Irvine, California 92614
(949) 852-7383

Attorneys for Defendant
UNDER ARMOUR, INC. (erroneously sued as "UNDER ARMOUR")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGA WILSON an individual;<br><br>    Plaintiff,<br><br>vs.<br><br>UNDER ARMOUR, a business entity, form unknown; and DOES 1 through 100,<br><br>    Defendants. | Case No.: 5:15-cv-1442<br><br>**NOTICE OF REMOVAL PURSANT TO 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY JURISDICTION)** |

   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

   PLEASE TAKE NOTICE that defendant UNDER ARMOUR, INC. (erroneously sued as "UNDER ARMOUR") ("Defendant") hereby removes to this Court the state court action described herein.

   1.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the

-1-

NOTICE OF REMOVAL

1 provisions of 28 U.S.C. § 1441(b) in that it is an action
2 between citizens of different states and the matter in
3 controversy exceeds the sum of $75,000, exclusive of interest
4 and costs.

## THE STATE COURT ACTION

6     2. On May 26, 2015, plaintiff SHANGA WILSON ("Plaintiff")
7 filed a Complaint against Defendant in the Superior Court of the
8 State of California, County of San Bernardino entitled "SHANGA
9 WILSON an individual; Plaintiff, vs. UNDER ARMOUR, a business
10 entity, form unknown; and DOES 1 through 100, Defendants," and
11 bearing case number CIVDS1507456 (the "Complaint"). A true and
12 correct copy of the Complaint is filed separately and
13 concurrently herewith as Exhibit 1.
14     3. On June 2, 2015, in accordance with California Code of
15 Civil Procedure Section 415.30, Plaintiff mail-served
16 Defendant's counsel with the Complaint and a Notice and
17 Acknowledgment of Receipt – Civil. Also included in that
18 mailing were the state court Summons, Civil Case Cover Sheet,
19 and Certificate of Assignment (collectively, "Additional State
20 Court Documents"). True and correct copies of these Additional
21 State Court Documents are filed separately and concurrently
22 herewith as Exhibit 2.
23     4. On June 22, 2015, Defendant's counsel timely signed
24 and returned to Plaintiff's counsel the Notice and

Acknowledgment of Receipt – Civil.  A true and correct copy of that signed Notice and Acknowledgment of Receipt – Civil is filed separately and concurrently herewith as Exhibit 3.

5. Defendant filed its Answer to the Complaint for Damages (the "Answer") in state court on July 16, 2015, and served a copy of the Answer on Plaintiff's counsel via mail that same day. A true and correct copy of the Answer is filed separately and concurrently herewith as Exhibit 4.

6. The Complaint, Additional State Court Documents, signed Notice and Acknowledgment of Receipt – Civil, and Answer together constitute the entirety of the state court file.

**REMOVAL IS TIMELY**

7. Because Plaintiff served the Complaint on Defendant's counsel via a Notice and Acknowledgment of Receipt, service was deemed effective on the date that Defendant's counsel signed and returned that document. *See* California Code of Civil Procedure Section 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender").  Therefore, the effective date of service of the Complaint on Defendant was May 22, 2015, making this Removal well within the 30-day time frame prescribed by 28 U.S.C. § 1446(b); *see also*, *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-

1 day time period for removal does not begin to run until service
2 on the defendant).

### THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

4   8.   Complete diversity of citizenship exists in that Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Maryland.

7   9.   For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries; Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)( "To show state citizenship for diversity purposes under federal common law a party must ... be domiciled in the state."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). According to the Complaint, Plaintiff "resides within the city of San Bernardino and state of California." (Complaint, page 2, lines 8-9). Thus, Plaintiff is a citizen of California.

17   10.  When a party is a corporation, it is considered to be a citizen of both the state in which it is incorporated as well as the state in which it has its principal place of business. 28 USC § 1332(c)(1). As the U.S. Supreme Court held in *Hertz Corp. v. Friend*, 559 U.S. ___, 130 S.Ct. 1181 (2010), a corporation's principal place of business is its "nerve center," or the "place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Id*.

11. Defendant is a corporation incorporated under the laws of the State of Maryland. Further, Defendant's principal place of business also is in the State of Maryland, as its nerve center is in Baltimore, where its executive officers direct, control and coordinate its activities. Therefore, Defendant is a citizen of Maryland.

12. For purposes of removal jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Thus, the fact that Plaintiff has named Doe Defendants 1 through 100 in the Complaint does not affect this Court's jurisdiction.

**THE AMOUNT IN CONTROVERSY IS SATISFIED**

13. Jurisdiction under 28 U.S.C. § 1332(a) is also established because the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. When a defendant seeks removal on diversity grounds, "the sum demanded in good faith [by the plaintiff] in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). But when the Complaint does not state a specific sum, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the threshold amount. *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398, 400 (9th Cir. 1996).

15. This burden is extremely light, however. As the U.S. Supreme Court recently made clear, when removing an action to federal court based on diversity jurisdiction, a Defendant need only *plausibly allege* that the amount in controversy is met:

> Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies. [A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) (citations omitted).

16. When determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for

-6-

NOTICE OF REMOVAL

statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health &Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998)( "amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

17.   Furthermore, the "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  Thus, the Court may consider additional facts, such as verdicts in similar cases.

18.   Here, the Complaint does not state the total dollar amount that Plaintiff seeks to recover in this action, but it does show that Plaintiff is seeking general, compensatory and special damages, as well as punitive damages and statutory attorneys' fees. (See Prayer for Relief in Complaint, p. 14, lines 13-19).  The Complaint further makes clear that the compensatory damages Plaintiff seeks are for economic losses and emotional distress injuries, as he alleges that he "has suffered the loss of wages salary benefits and additional amounts of money," as well as "humiliation, mental anguish, emotional and

1 physical distress, anxiety, and has been injured in the mind and
2 body." (Complaint Page 12, lines 6-11).
3     19. Thus, it is facially apparent from the Complaint that
4 the amount in controversy is satisfied. *See, e.g., White v. FCI*
5 *USA, Inc.*, 319 F3d 672, 674 (5th Cir. 2003) (amount in
6 controversy "facially apparent" from complaint based on wrongful
7 termination allegations showing "lengthy list of compensatory
8 and punitive damages"). Even if it were not facially apparent,
9 however, the amount in controversy still would be satisfied when
10 considered in light of rendered verdicts in similar actions.
11     20. Although Defendant denies any liability on Plaintiff's
12 claims, should Plaintiff prevail at trial, it is more likely
13 than not that he would recover over $75,000 in compensatory
14 damages, as there have been, in recent years, several California
15 verdicts for plaintiffs in similar disability discrimination
16 cases where the awarded damages exceeded $75,000. *See e.g.,*
17 *Vasquez v. Los Angeles County Metro. Transp. Auth.*, 2013 WL
18 7852947 (Los Angeles Sup. Ct.) (award of $1,904,635 to employee
19 in violation of the CFRA and discrimination action); *Aboulida v.*
20 *GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of
21 $1,361,756, $1,447,634, $1,503,074, and $1,368,266 to four
22 employees for their discrimination claims); *Silverman v. Stuart*
23 *F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury
24 verdict of $325,223 awarded to employee in discrimination

action); *Bisharat v. Los Angeles Unified Sch. Dist.*, 2013 WL 1415554 (Los Angeles Sup. Ct.) ($473,750 jury verdict awarded to employee alleging disability discrimination, failure to prevent discrimination, failure to accommodate, failure to engage in the interactive process, and constructive discharge); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging disability discrimination, retaliation, failure to engage in interactive process, failure to prevent discrimination/harassment, and constructive discharge); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (Los Angeles Sup. Ct.) (jury verdict awarding employee $410,520 in discrimination action); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in discrimination and wrongful termination action); *Malone v. Potter*, 2009 WL 999514 (C.D. Cal.) (award of $300,000 to employee in discrimination and retaliation action).

21. Additionally, the prayer in the Complaint includes a request for punitive damages. (Complaint, p. 14, line 19). Although Defendant does not concede that Plaintiff is entitled to punitive damages, if they are recoverable, they must also be included when determining the amount in controversy. *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F3d 383, 386-387 (10th Cir. 1994). These punitive damages may be up to nine (9) times

-9-

NOTICE OF REMOVAL

Plaintiff's compensatory damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 US 408 (2003). Courts have affirmed jury verdicts of punitive damages far exceeding the jurisdictional threshold in similar discrimination cases. *See Aboulida*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

22. Finally, the Complaint seeks statutory attorneys' fees under the Fair Employment and Housing Act. (Complaint, p. 16, lines 15-17). Although Defendant does not concede that Plaintiff is entitled to such attorneys' fees, if recoverable, the amount of these fees through trial alone very likely would be higher than the minimum threshold for diversity jurisdiction, as courts have awarded far in excess of $75,000 in attorneys' fees in similar cases involving discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in discrimination action); *Denenberg v. Cal. Dept. of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination).

1     23. Therefore, it is abundantly clear that the minimum amount-in-controversy threshold of $75,000 is satisfied in this action.

## VENUE IN THIS COURT IS PROPER

    24. Without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of motion responsive pleading or otherwise, venue for this removed action lies in the Central District of this Court pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c). This action originally was brought in the Superior Court of the State of California, County of San Bernardino, which is located within the Central District of the State of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Dated: July 20, 2015

*Andrew Jaramillo*
Andrew J. Jaramillo
ALTUS LAW FIRM

Attorneys for Defendant
UNDER ARMOUR, INC. (erroneously sued as "UNDER ARMOUR")

NOTICE OF REMOVAL